UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BLANK,<br><br>        Plaintiff,<br><br>     v.<br><br>STARBUCKS, LOAVES AND FISHES,<br><br>        Defendants. | No. 2:16-cv-2777 JAM AC PS<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Eastern District of California Local Rule ["Local Rule"]. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I.    SCREENING

    A. Standards Governing Screening Under 28 U.S.C. § 1915(e)(2)

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

////

1

1    Plaintiff must assist the court in determining whether the complaint is frivolous or not, by
2    drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.
3    P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-
4    policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules
5    of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for
6    federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court),
7    (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the
8    plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a).
9    Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1). Forms are
10   available to help pro se plaintiffs organize their complaint in the proper way. They are available
11   at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at
12   www.uscourts.gov/forms/pro-se-forms.
13   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14   Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
15   court will (1) accept as true all of the factual allegations contained in the complaint, unless they
16   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
17   plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson
18   v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592
19   F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338,
20   340 (9th Cir. 2010). However, the court need not accept as true, legal conclusions cast in the
21   form of factual allegations, or allegations that contradict matters properly subject to judicial
22   notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v.
23   Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).
24   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
25   Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may
26   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support
27   of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.
28   2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. The Complaint

The Complaint, ECF No. 1, is only 4 paragraphs long. It alleges that plaintiff was assaulted by a Starbucks employee, and that this employee threatened plaintiff's life if he were to come back to that store in the future. Plaintiff further states that he was attempting to pocket the approximately $20.00 in tip money found in the store in order to buy food. Complaint at ¶ 1. It is also alleged that "this action" would not have happened but for Loaves and Fishes' refusal to provide plaintiff with free breakfast, lunch, snacks, and "visitation with Diana for everyday encouragement." Complaint at ¶ 2.

### C. Analysis

This court lacks jurisdiction over this lawsuit and it therefore must be dismissed. The only jurisdiction-related allegation is the assertion that "[t]his Federal Court has jurisdiction due to violation of the American with Disabilities Act." Complaint at ¶ 3. However, no facts are stated which would support a claim under the Americans With Disabilities Act ("ADA"). Plaintiff does not allege that he was denied access to the Starbucks store in the first instance, on account of disability or for any other reason, or that his ability to move about the store was hindered by barriers. Rather he complains that he was ejected from the store for, apparently, having taken money from a tip jar on the counter inside.

Plaintiff appears to alleges that defendant Loaves and Fishes[1] is responsible for creating a situation in which plaintiff needed money for food, and is therefore responsible for the tip jar theft that led to his eviction from Starbucks. However, neither the ADA nor any other federal right or federal statute is implicated by this theory.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). This court may only entertain a case that involves a federal question or a lawsuit between citizens of different states. See 28 U.S.C. §§ 1331, 1332. A

---

[1] The court takes judicial notice of the fact that Loaves and Fishes is a Sacramento non-profit organization that provides services to homeless members of the community.

1  complaint that does not clearly establish the basis for federal jurisdiction must be dismissed.  See
2  Fed. R. Civ. Proc. 12(h)(3); A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003).  Because
3  the complaint before the court does not support federal jurisdiction, it must be dismissed.
4  Plaintiff will be given an opportunity to amend his complaint.

5  II.     AMENDING THE COMPLAINT

6  If plaintiff chooses to amend, the amended complaint must allege facts establishing the
7  existence of federal jurisdiction.  Rule 8 of the Federal Rules of Civil Procedure requires "a short
8  and plain statement of the claim showing that [plaintiff] is entitled to relief."  Accordingly, an
9  amended complaint should plainly state who harmed the plaintiff, and in what way.  Plaintiff
10 should identify the facts underlying his claims, not just assert legal conclusions.  Facts alleged in
11 an amended complaint "must not be inconsistent with those already alleged."  Lacey v. Maricopa
12 County, 693 F.3d 896, 939 (9th Cir. 2012) (en banc).

13 The allegations of the complaint should be set forth in sequentially numbered paragraphs,
14 with each paragraph number being one greater than the one before, each paragraph having its own
15 number, and no paragraph number being repeated anywhere in the complaint. Each paragraph
16 should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above,
17 forms are available to help plaintiffs organize their complaint in the proper way.  These are
18 available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or
19 online at www.uscourts.gov/forms/pro-se-forms.

20 Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid
21 narrative and storytelling.  That is, the complaint should not include every detail of what
22 happened, nor recount the details of conversations (unless necessary to establish the claim), nor
23 give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should
24 contain only those facts needed to show how the defendant(s) legally wronged the plaintiff.

25 The amended complaint must not force the court and the defendants to guess at what is
26 being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)
27 (affirming dismissal of a complaint where the district court was "literally guessing as to what
28 facts support the legal claims being asserted against certain defendants").  The amended

complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.   CONCLUSION

For the reasons set forth above, IT US EHREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is GRANTED;
2. The complaint, ECF No. 1, is DISMISSED; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. The amended complaint shall be entitled "First Amended Complaint." If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

IT IS SO ORDERED.

DATED: November 28, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE